UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUGH MacEACHERN,

        Plaintiff,

        v.

QUICKEN LOANS INC.,
and TITLE SOURCE, INC.,

        Defendants.

_____/

CASE NO. 15-CV-12448
HONORABLE GEORGE CARAM STEEH

**ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL (Doc. 16) WITHOUT PREJUDICE**

Pro se plaintiff Hugh Maceachern filed this employment discrimination action alleging wrongful termination based on his gender, age, and Caucasian race in violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), and retaliation under the American's with Disabilities Act ("ADA").  The court previously granted plaintiff's motion to proceed *in forma pauperis*.  Now before the court is plaintiff's motion for appointment of counsel.  "Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances."  *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (internal quotation marks and citations omitted).  In determining whether exceptional circumstances exist, courts consider the type of case, the chance of success of plaintiff's claims, and the plaintiff's ability to represent himself.  *See Johnson v. City of Wakefield*, 483 F. App'x 256, 260 (6th Cir. 2012).

Most significantly, the fact that this matter involves alleged employment discrimination weighs heavily against the appointment of counsel.  Besides ordinary contingency fee

arrangements that allow indigent plaintiffs to secure their own counsel, Congress has enacted the recovery of statutory attorney fees in employment discrimination cases which provide for even greater access to the judicial process for those with civil rights grievances. Attorney fees are available to prevailing plaintiffs under Title VII, 42 U.S.C. § 2000e-5(k), the ADA, 42 U.S.C. §12205, and the ADEA which incorporates the remedies provision of the Fair Labor Standards Act, 29 U.S.C. § 216(b). *EEOC V. Memphis Health Ctr., Inc.*, 526 F. App'x 607, 612 (6th Cir. 2013). The statutory provisions allowing for recovery of attorney fees to prevailing plaintiffs reflect Congressional intent to provide incentives for attorneys to represent those who have suffered discrimination but lack the financial ability to retain their own counsel. In his motion, plaintiff states that he has contacted at least six attorneys seeking representation but has been unable to retain any of them. Given the availability of attorney fees in these types of cases, plaintiff's inability to secure representation on his own may reflect unfavorably on the merits of his case.

Finally, the court considers plaintiff's ability to represent himself. The court has considered the complaint and plaintiff's motion. Plaintiff's papers are cogent and his motion demonstrates his familiarity with the Local Rules. Having found no extraordinary circumstances to warrant deviation from the general rule that attorneys are not appointed in civil cases, plaintiff's motion for the appointment of counsel is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

Dated: September 3, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 3, 2015, by electronic and/or ordinary mail and
also on Hugh MacEachern, 22126 Hayes Street,
Taylor, MI 48180-2422.


s/Barbara Radke
Deputy Clerk