UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUGH MACEACHERN,

               Plaintiff,                    CASE NO. 15-CV-12448
     v.                               HONORABLE GEORGE CARAM STEEH

QUICKEN LOANS INC., et al.,

               Defendants.

_____/

## ORDER DENYING DEFENDANTS' EMERGENCY MOTION (Doc. 26)

This employment discrimination action arises out of pro se plaintiff Hugh MacEachern's allegations that he was terminated on the basis of his gender, age, and Caucasian race in violation of Title VII and the Age Discrimination in Employment Act, and in retaliation for initiating discussions with a union. Plaintiff filed a motion to enjoin defendants from settling a case pending before the National Labor Relations Board ("NLRB") without his consent. Attached to that motion, were an e-mail from the CEO of Quicken Loans, several documents from the NLRB, and a September 27, 2015 *Detroit Free Press* article discussing an NLRB case against defendant Quicken Loans which stemmed from a complaint filed by plaintiff. Now before the court is defendants' emergency motion to file under seal: (1) their response to plaintiff's motion for an injunction; and (2) their motion to strike plaintiff's motion for an injunction and attached exhibits. Defendants seek to file their response under seal and to strike plaintiff's motion on the grounds that it contains unfounded allegations of obstruction of justice.

The court's inherent power to seal court documents is subject to the "long established legal tradition" of open access to court documents. *Brown & Williamson*

-1-

*Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983).  Court records should be sealed only in exceptional cases where compelling reasons exist.  *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).  Defendants argue that compelling reasons exist because plaintiff's allegations of criminal obstruction of justice are unfounded and frivolous.  In support of their motion, defendants rely on *Tilmon-Jones v. Bridgeport Music, Inc.*, No. 11-13002, 2013 WL 3279168 (E.D. Mich. 2013), in which the court ordered a declaration to remain under seal where the declaration contained accusations of fraud against defendants and their attorneys, where the witness was outside the subpoena power of the court, and counsel were unable to respond to the allegations as they were not parties to the litigation, and the accusations were not relevant to the issues before the court.  *Id.* at *2.  By contrast, in this case, plaintiff lodged his allegations of impropriety against the named defendants and they will have a full and fair opportunity to respond to any and all allegations against them.  Also, whatever the merit of plaintiff's allegations, those accusations form the basis for plaintiff's motion, and as such, the issue shall be squarely before the court.

Having found that defendants have failed to show compelling reasons to deviate from the long-standing tradition of open access to court documents, defendants'

emergency motion (Doc. 26) is DENIED.

   **IT IS SO ORDERED.**


Dated:  October 26, 2015

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE


<div style="border:1px solid black; padding:10px;">

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and
on Hugh Maceachern, 22126 Hayes, Taylor, MI 48180 on
October 26, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

</div>