UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUGH MACEACHERN,

                    Plaintiff,                CASE NO. 15-CV-12448

      v.                              HONORABLE GEORGE CARAM STEEH

QUICKEN LOANS INC., and
TITLE SOURCE, INC.,

                    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (Doc. 25) AND DENYING DEFENDANTS' MOTION TO STRIKE AND FOR SANCTIONS (Doc. 29)

This employment discrimination action arises out of *pro se* plaintiff Hugh MacEachern's allegations that he was terminated on the basis of his gender, age, and Caucasian race in violation of Title VII and the Age Discrimination in Employment Act, and in retaliation for initiating discussions with a union. Plaintiff filed a motion to enjoin defendants from settling a case pending before the National Labor Relations Board ("NLRB") without his consent. In considering plaintiff's motion, the court is mindful that *a pro se* litigant is held to a less stringent standard than an attorney, and his papers shall be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Defendants Quicken Loans, Inc. and Title Source, Inc., oppose his motion, seek to strike it, and seek sanctions against plaintiff for filing a frivolous motion and directing attacks against them. Defendants not only seek monetary sanctions against plaintiff, who is proceeding *in forma pauperis*, but seek a court order preventing him from filing any papers without first obtaining court authorization.

-1-

Plaintiff is not a party to the case pending before the NLRB.  (Doc. 29, Ex. 2).  His discrimination claim filed with the NLRB has been dismissed.  Even if plaintiff were a party to that proceeding, this court lacks the power to enjoin a case pending before the NLRB.  *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48 (1938); *Zipp v. Geske & Sons, Inc.*, 103 F.3d 1379, 1382 (7th Cir. 1997) ("It is well settled that a district court has no jurisdiction to enjoin unfair labor practice hearings before the NLRB."); *Saginaw Chippewa Indian Tribe of Mich. v. NLRB*, 838 F. Supp. 2d 598, 603 (E.D. Mich. 2011).  Accordingly, plaintiff's motion for an injunction shall be denied.

The court turns now to defendants' motion to strike and for sanctions.  Defendants seek to strike plaintiffs' motion for injunction in order to remove plaintiff's "irrelevant and inflammatory remarks from the public record."  (Doc. 29, ¶ 4).  Such extraordinary relief is not warranted.  As to irrelevant remarks, if this were a proper basis for striking submissions from the public record, the court is doubtful many papers would survive such scrutiny.  Next, defendants' argument plaintiff's "inflammatory remarks" should be stricken is no less compelling.  Defendants, through able counsel, have responded to plaintiff's attacks in their written brief which is a matter of public record.

The court has reviewed the statements plaintiff made and does not find them worthy of the draconian sanctions defendants seek to impose.  Defendants claim the following statements warrant sanctions: "Mr. Emerson's (CEO of Quicken Loans) email is only one of many unprofessional examples of his impolitic behavior, and demonstrates his limited awareness of laws prohibiting discrimination and retaliation . . . . A far cry from Quicken's CEO's libelous and inappropriate mass email publically assaulting the plaintiff with ridicule, intimidation, humiliation, insults, stupidity and a vow to fight in court to the end with victory

in sight." (Doc. 34 at 3-4). Considered in context, the comments do not warrant sanctions. They were made in response to the mass email written by the CEO of Quicken Loans, which was circulated to its 12,000 employees, stating:

> The complaint to the NLRB was made by Hugh MacEachern, a former team member, who has filed numerous misguided and ridiculous complaints against Quicken Loans and Title Source, including that he was discriminated against during his time with the company, perhaps a first for a white male. Needless to say the claims are baseless. All of MacEachern's complaints have been summarily dismissed as laughable. . . . We plan to fight this action in court, and while it will likely take a while to resolve, we believe strongly that we will win in the end.

(Doc. 25 at 30-31). Given the text of the email, plaintiff's characterization of it does not seem unduly "inflammatory" as defendants suggest. In any event, defendants will have a full and fair opportunity to respond to the accusations through this litigation.

Defendants also argue that plaintiff has accused them of criminal misconduct. In support of this claim, they rely on the following accusations set forth in plaintiff's motion: (1) defendants are "now covertly attempting to tamper with the plaintiff's evidence," and (2) defendants are engaged in "an unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate this matter by unfairly hampering the plaintiff's ability to present his case while in the safe haven" of the district court. (Doc. 25 at 5). Both of the above statements derive from plaintiff's mistaken belief that defendants cannot settle the case pending before the NLRB without his approval, or that the matter pending before the NLRB has any bearing on his discrimination case pending here. While the NLRB proceeding may have stemmed from plaintiff's complaints, the NLRB has dismissed plaintiff's case and he is not a party to that proceeding. Plaintiff's accusations appear unfounded, but they seem to derive from his confusion over legal issues and not

from any malicious intent.   Given plaintiff's *pro se* and *in forma pauperis* status, his comments do not warrant the imposition of monetary sanctions at this time.   Plaintiff is cautioned, however, to avoid personal attacks on the defendants or their lawyers in the future.   Such continued conduct may warrant the imposition of sanctions.

Defendants also argue that plaintiff has abused the judicial process because he filed three motions in addition to the motion to compel: (1) a motion for appointment of counsel, (2) a motion to shift discovery costs, and (3) a motion for time extension to respond to discovery requests.   The court has considered defendants' argument and finds it to be without merit.   The first two motions are not so unusual but are the type of motions submitted in most cases where the plaintiff is proceeding *in forma pauperis.*   As to the motion for a time extension, this is a relatively routine motion that, contrary to defendants' argument, does not appear to be designed to "vex" defendants.   Certainly, the filing of these three motions does not amount to the sort of repeated frivolous filings warranting monetary sanctions.

Finally, the court rejects defendants' request that this court bar plaintiff from filing any papers without first obtaining court authorization.   Defendants argue this will save judicial resources, but this is unlikely.   Requiring plaintiff to seek authorization each time he wishes to file papers, given the current record, would serve no useful purpose and would not curtail, but rather likely would expand, the time required of this court to review and decide additional motions.

In sum, plaintiff's motion for an injunction (Doc. 25) is DENIED, and defendants'

motion to strike and for sanctions (Doc. 29) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**


Dated:  December 23, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and
on Hugh Maceachern, 22126 Hayes Street, Taylor, MI 48180
on December 23, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

-5-