UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUGH MACEACHERN,

        Plaintiff,

                                        CASE NO. 15-CV-12448
v.                                 HONORABLE GEORGE CARAM STEEH

QUICKEN LOANS INC., and
TITLE SOURCE, INC.,

        Defendants.
                                       /

### ORDER DENYING PLAINTIFF'S MOTION FOR TRO (Doc. 36)

This employment discrimination suit arises out of *pro se* plaintiff Hugh MacEachern's allegations that he was terminated on the basis of his gender, age, and Caucasian race in violation of Title VII and the Age Discrimination in Employment Act, and in retaliation for initiating discussions with a union. Now before the court is plaintiff's motion for a temporary restraining order and preliminary injunction seeking (1) to compel defendant Quicken Loans' ("Quicken") CEO Bill Emerson to issue a retraction of an e-mail he distributed to Quicken employees calling plaintiff's discrimination suit frivolous; and (2) to enjoin Quicken from making any statements to the press or its own employees about this case. For the reasons set forth below, plaintiff's motion shall be denied.

In considering plaintiff's motion, the court is mindful that *a pro se* litigant is held to a less stringent standard than an attorney, and his papers shall be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Even under this deferential standard, plaintiff is not entitled to the relief sought.

Plaintiff has cited no authority for his request that Emerson be ordered to publish a retraction to all employees of his prior e-mail calling plaintiff's case frivolous.  This court is not aware of any cases granting equitable relief by ordering a defendant to publish a retraction of its statements, even statements found to be false and defamatory.  The general rule is that equity will not enjoin a libel except in extraordinary circumstances.  *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emp. & Rest. Emp. Int'l Union*, 239 F.3d 172, 177 (2d Cir. 2001).  And even in the extraordinary case where equitable relief is warranted, the remedy is limited to enjoining a defendant from *repeating* statements adjudicated by a judge or jury to be false and libelous.  *See Lothschuetz v. Carpenter*, 898 F.2d 1200, 1208-09 (6th Cir. 1990).  As defendants aptly point out, an order compelling a retraction would amount to compelled speech which would violate their First Amendment rights.  *See Miami Herald Pub. Co. v. Tornillo*, 418 U.S. 241, 258 (1974) (newspaper could not be compelled to allow opportunity to politicians to respond to personal attacks made in editorials); *Am. Univ. of Antigua Coll. of Med. v. Woodward*, 837 F. Supp. 2d 686, 690 (E.D. Mich. 2011) (no injunctive relief "where there has been no final determination that the statements to be enjoined are false and libelous").

Even if a retraction were a permissible remedy under constitutional standards, plaintiff has failed to meet the requirements for the granting of equitable relief.  In determining whether to grant a temporary restraining order or preliminary injunction, the district court must balance four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Am. Civil

*Liberties Union Fund of Mich. v. Livingston Cty.*, 796 F.3d 636, 642 (6th Cir. 2015) (internal quotation marks and citations omitted).  All four factors weigh heavily against the granting of injunctive relief.

First, as to plaintiff's likelihood of success on the merits, plaintiff has not introduced any evidence suggesting he is likely to prevail on his employment discrimination and retaliation claims.  Second, plaintiff has not shown that he will be irreparably harmed if the injunction is not issued as money damages will make him whole. *See Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1382 (6th Cir. 1995).  Plaintiff claims he has suffered emotional distress and consequential physical injuries, including a severe rash, dental pain, and tooth loss, as a result of defendants' conduct and his loss of health insurance.  It is unclear how the injunctive relief plaintiff seeks, namely a retraction of an e-mail message and a gag order preventing defendant from communicating with the press or its own employees about this lawsuit, would remedy these alleged injuries.  The court also considers plaintiff's claim that defendants must be enjoined from communicating with their own employees about this litigation in order to avoid influencing potential witness testimony at trial.  Plaintiff has introduced no evidence to suggest employees have been intimidated or misled by any improper conduct on defendants' part.

Third, considering the harm to defendants were injunctive relief to be granted also weighs against granting equitable relief. Granting the gag order and preventing defendants from communicating with their own employees about this case would inhibit defendants' ability to prepare their own defense without justification.  Finally, the court considers whether the public interest would be served by the granting of an injunction and finds that it would not.  Plaintiff may vindicate his right to be free from unlawful discrimination through

this lawsuit, and in doing so, may prove that defendants' statements characterizing his lawsuit as frivolous are untrue. Should plaintiff prevail on the merits, money damages would make him whole. No injunctive relief is necessary to maintain the status quo, to preserve the relative positions of the parties until a trial on the merits may be had, or to protect plaintiff from irreparable harm. Accordingly, plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 36) is DENIED.

**IT IS SO ORDERED**.

Dated: February 17, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 17, 2016, by electronic and/or ordinary mail and also on Hugh MacEachern, 22126 Hayes Street,
Taylor, MI 48180-2422.

s/Barbara Radke
Deputy Clerk