UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUGH MacEACHERN,

    Plaintiff,

v.

    CASE NO. 15-CV-12448
    HONORABLE GEORGE CARAM STEEH

QUICKEN LOANS INC.,
and TITLE SOURCE, INC.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S SECOND**
**MOTION FOR APPOINTMENT OF COUNSEL (Doc. 54)**

Now before the court is pro se plaintiff Hugh MacEachern's second motion for appointment of counsel. Plaintiff filed this employment discrimination action alleging wrongful termination based on his gender, age, and Caucasian race in violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), and retaliation under the American's with Disabilities Act ("ADA"), and in retaliation for initiating discussions with a union. His prior motion was denied without prejudice on the basis that plaintiff failed to establish exceptional circumstances which would justify deviation from the general rule that courts do not appoint counsel in civil matters. *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances."). In determining whether exceptional circumstances exist, courts consider the type of case, the chance of success of plaintiff's claims, and the plaintiff's ability to represent himself. *See Johnson v. City of Wakefield*, 483 F. App'x 256, 260 (6th Cir. 2012).

In its prior order, the court considered the three factors and found that each weighed against the appointment of counsel. The court has considered plaintiff's amended arguments here and adheres to its prior decision. First, and most significantly, as the court previously observed, besides ordinary contingency fee arrangements that allow indigent plaintiffs to secure their own counsel, Congress has enacted the recovery of statutory attorney fees in employment discrimination cases which provide for even greater access to the judicial process for those with civil rights grievances. Attorney fees are available to prevailing plaintiffs under Title VII, 42 U.S.C. § 2000e-5(k), the ADA, 42 U.S.C. § 12205, and the ADEA. *EEOC V. Memphis Health Ctr., Inc.*, 526 F. App'x 607, 612 (6th Cir. 2013) (incorporating remedies of the Fair Labor Standards Act, 29 U.S.C. § 216(b)). The statutory provisions allowing for recovery of attorney fees to prevailing plaintiffs reflect Congressional intent to provide incentives for attorneys to represent those who have suffered discrimination but lack the financial ability to retain their own counsel.

In his prior motion, plaintiff stated that he had contacted at least six attorneys seeking representation but had been unable to retain any of them. Now, plaintiff asserts that he has contacted a seventh attorney, Deborah Gordon, who declined his case on the grounds that she lacked the resources to take on the case without an adequate retainer. Plaintiff argues that he is unable to retain counsel because plaintiff's lawyers are afraid to litigate against large companies like defendant Quicken Loans, Inc., especially when the defendant is represented by Honigman, Miller, Schwartz, and Cohn, one of the largest and most prominent law firms in Detroit. Once again, the court

is not convinced that the attorney fee provisions of the discrimination statutes plaintiff relies upon are not sufficient to enable him to retain his own counsel.

Second, as noted previously, plaintiff's inability to do so, given the existence of these attorney fee provisions, may reflect unfavorably on the merits of his case.  The courts notes, however, that it has not otherwise had an opportunity to consider the merits of plaintiff's claims.  Defendant has filed a motion for summary judgment which is not yet ready for the court's review, pending adjudication by the magistrate judge assigned to this matter of outstanding discovery disputes.  Plaintiff has also indicated that he intends to file his own motion for summary judgment once discovery is complete.  Once the court rules on the summary judgment motions, it will be in a better position to evaluate the merits of the case to determine if the appointment of counsel is appropriate.

Third, in its prior order, the court noted that plaintiff has quite ably prepared his legal papers which reflect a familiarity with the law and the Local Rules.  Given his demonstrated ability to represent himself, the court found that this factor also militated against the appointment of counsel.  Plaintiff now argues that he lacks the skills and experience to navigate through the contested discovery process, or to represent himself at trial, where he is expected to testify on his own behalf.  Given the present record, the court is not convinced that plaintiff requires the assistance of counsel to complete discovery.  However, should plaintiff survive defendant's motion for summary judgment and thus demonstrate the merits of his discrimination and retaliation claims, the court would be willing at that time to reconsider plaintiff's motion for the appointment of counsel to represent him at trial.

Accordingly, plaintiff's motion for the appointment of counsel (Doc. 54) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

Dated:  March 11, 2016

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 11, 2016, by electronic and/or ordinary mail and also on
Hugh MacEachern, 22126 Hayes Street,
Taylor, MI 48180-2422.

s/Barbara Radke
Deputy Clerk