UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUGH MacEACHERN,

       Plaintiff,

                                    CASE NO. 15-CV-12448
v.                              HONORABLE GEORGE CARAM STEEH

QUICKEN LOANS, INC.,
and TITLE SOURCE, INC.,

       Defendants.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S ORDERS**

The parties in this employment discrimination case filed cross-motions to compel discovery. The motions were referred to Magistrate Judge Davis. She denied plaintiff Hugh MacEachern's motion to compel (Doc. 57), granted in part and denied in part defendants Quicken Loans, Inc.'s and Title Source Inc.'s motion to compel (Doc. 58), and entered a protective order (Doc. 60) to protect the disclosure of confidential information. Now before the court are plaintiff's untimely objections to the three orders entered by the magistrate judge. For the reasons set forth below, the magistrate judge shall be affirmed and plaintiff's objections overruled.

**A. Background**

The magistrate judge entered three orders. In her first order, she denied plaintiff's motion to compel, finding that plaintiff had failed to comply with Local Rule 7.1(a) which requires parties to attempt to resolve their disputes prior to filing a formal

motion. Plaintiff complained generally that defendants had not complied sufficiently with his discovery requests, but could not articulate what was deficient in their responses. Defendants represented that they had provided plaintiff with a copy of his personnel file, materials relating to his termination, documentation relating to the investigation of his internal complaint to human resources, and copies of applicable policies and procedures in place at the time of his employment and termination. Defendants also promised to produce additional documents subject to the entry of a protective order to which plaintiff would not agree. Because plaintiff refused to cooperate in identifying the alleged deficiencies in defendants' responses, the magistrate judge denied plaintiff's motion to compel. In addition, the magistrate judge entered a protective order and ordered defendants to file the documents to which it pertained within three business days of the entry of that order. On June 16, 2016, defendants produced 934 pages of supplemental documents following the entry of the protective order.

In her second order, the magistrate judge granted in part and denied in part defendants' motion to compel. She ordered plaintiff to produce all documents, notes and calendar entries which were responsive to defendants' requests and which were not privileged, within 21 days of the entry of the order. She further ruled that plaintiff need not produce any documents, notes, or calendar entries created after the litigation commenced unless plaintiff planned to have those materials admitted into evidence at trial. She rejected plaintiff's claim that he could not reproduce, print or otherwise download his calendar from his computer. She also ordered plaintiff to create a

privilege log for those documents for which he claimed a privilege, and to identify a certain limited amount of documents which he specifically referenced at his deposition, within the 2,400 pages of documents he had already produced, and which he planned to introduce into evidence at trial. She denied defendants' request to order a forensics examination of plaintiff's laptop or external hard-drive as not in proportion to defendants' need, and denied defendants' request for more discovery about an individual who helped plaintiff to prepare a letter used in the litigation. The magistrate judge also issued a protective order governing the production of confidential materials.

### B. Standard of Law

A magistrate judge's nondispositive order is reviewed for clear error. 28 U.S.C. § 636(b)(1)(A). "A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001). A magistrate judge's decision on a nondispositive pretrial matter is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 365, 395 (1948).

### C. Analysis

**1.     Timeliness**

Plaintiff filed his objections three days late. He claims that he did not receive the court's orders until six days after their entry, possibly due to the Memorial Day holiday.

Given the short delay at issue here, the court will not overrule the objections on the basis of untimeliness, but shall consider the matter on the merits.

**2.      ECF Filings**

In their response brief, defendants included citations to ECF docket numbers when referring to certain papers previously filed in this lawsuit. In his reply brief, pro se plaintiff complains that defendants' references to ECF filings by docket number in their response brief prejudices him as he lacks access to the ECF system. By prior order of the court, defendants were ordered to file all papers in the traditional manner given plaintiff's inability to access the ECF system. Plaintiff's objection lacks merit as in each instance in which defendants cite to an ECF docket number, the paper is clearly identified by name. Given that plaintiff has received all of the papers filed in this lawsuit, plaintiff should easily be able to refer to the documents referenced in defendants' response brief.

**3.      Order Denying Plaintiff's Motion to Compel**

First, the court considers plaintiff's objection to the order denying his motion to compel. Plaintiff argues that it was wrong for the magistrate judge to allow defendants to produce certain discovery subject to a protective order, when he did not agree to such an order, and had already produced many documents which could be considered confidential himself. Moreover, plaintiff complains that defendants never formally sought the protective order in court, but only discussed it with him, and thus, should not be excused for not producing certain documents they claim are subject to the protective order. These arguments lack merit. The court may enter a protective order upon request of a party or upon its own initiative. *See Flagg ex rel. Bond v. City of Detroit*,

268 F.R.D. 279, 310 n.9 (E.D. Mich. 2010).  In addition, defendants cannot be faulted for seeking informally to negotiate the entry of a protective order prior to filing a formal motion.  Such a spirit of cooperation among the parties is to be encouraged, not condemned.

Plaintiff alleges it was unfair for the magistrate judge to fault him for failure to seek concurrence, when defendants also failed to seek concurrence on other motions that they filed, or did so in a perfunctory manner, without any real intent to reach an agreement.  In addition, he contends that he produced a mountain of discovery materials, while defendants only produced "fluff," mainly, documents already in the plaintiff's possession.  Plaintiff's argument lacks merit because the magistrate judge faulted plaintiff for failing to specify the discovery responses he claimed defendants had evaded.  Plaintiff never identified those requests, not at the time of the hearing before the magistrate judge, or to date.

He claims his interrogatories and requests for documents were clearly written and need not have been further clarified for defendants to understand the nature of the discovery dispute.  To make this point, he attempted to submit his interrogatories and first request for production of documents when the matter was pending before the magistrate judge, but those papers were returned as improvidently filed, with a note from the court stating that the court does not accept discovery for filing.  In his opposition to the magistrate judge's order, plaintiff has attached a copy of those discovery requests, but not a copy of defendants' responses.  To date, plaintiff has not alleged which of his 25 interrogatories or 25 document requests are incomplete.

-5-

Even if plaintiff could establish that he had sought concurrence before filing his motion, the magistrate judge was convinced that defendants had complied with their discovery obligations, taking into consideration not only defendants' representations as to what had already been produced, but their assurances that they would produce all of the discovery owing once a protective order was entered. The magistrate judge entered the protective order and gave defendants only three days to produce the required materials. Given this scenario, the court is satisfied that the magistrate judge's order was not clearly erroneous. It is significant that once the protective order entered, defendants did, in fact, produce an additional 934 pages of supplemental documents.

**4.      Order Granting in Part and Denying in Part Defendants' Motion to Compel**

Second, the court considers plaintiff's objections to the order granting in part, and denying in part, defendants' motion to compel. Plaintiff objects for several reasons: (1) the magistrate judge considered plaintiff's deposition testimony yet defendants failed to provide him with a transcript thereof, (2) his electronic computer calendar allegedly cannot be printed, (3) the information sought regarding overtime he worked is irrelevant to his Fair Labor Standards Act ("FLSA") claim, (4) disclosure of his electronic calendar will allegedly compromise his attorney-client communications with attorneys from the Department of Justice and other federal agencies, (5) disclosure of his electronic calendar will allegedly violate the work product doctrine, and (6) creation of the privilege log is unnecessary as plaintiff has already provided all non-privileged information.

All of plaintiff's arguments lack merit. Defendants did, in fact, provide plaintiff with a copy of the excerpts of his deposition transcript which the magistrate judge relied upon. (Doc. 58 at 3-4). The relevant pages were attached to defendants' motion to

compel.  (Doc. 40, Ex. F).  In addition, it was plaintiff's own deposition; thus, presumably, he would be intimately familiar with the answers that he, himself, provided.  As to his claim that he could not print the electronic calendar, the magistrate judge rejected this assertion given that at his deposition he admitted that he had previously made it available to the Department of Justice as part of an antitrust investigation.  She further found that he failed to produce any evidence to support his claim that the calendar could not be re-produced, printed or otherwise downloaded.  On appeal, plaintiff has failed to make that showing here either.

    Next, plaintiff's claim that producing the calendar would violate attorney-client privilege or the work product doctrine lacks merit as the magistrate judge's order allows plaintiff to selectively print non-privileged entries and to create a privilege log for those items he claims are subject to the attorney-client privilege.  Moreover, according to the magistrate judge's order, plaintiff need not produce or identify on a privilege log any documents, notes or calendar entries that he created after he commenced this litigation, and need not produce or identify any such materials unless he plans to have those documents admitted into evidence at trial.   Plaintiff has not demonstrated that he could not comply with this order or that the order would not properly safeguard his attorney-client privilege or the work product doctrine.

    On June 17, 2016, plaintiff e-mailed a copy of his electronic calendar to defendants with a statement that he could not separate his privileged calendar entries from the non-privileged, thus, he was turning over the calendar in "protest." He further threatened that if counsel "or any agent of the defendants or Honigman or anyone else on purpose or by accident views any of my privileged entries, I will file every legal

objection available to me, and may ask Judge Steeh to declare a mistrial." (Doc. 64, Ex. A). Defendants represent that based on that correspondence, they have not opened the file plaintiff sent and are awaiting the court's ruling here to determine how to proceed. The magistrate judge's order clearly provides for the non-disclosure of privileged matters subject to the creation of a privilege log. Plaintiff has failed to satisfy this court that he could not separate his non-privileged electronic calendar entries from those for which he asserts a privilege. Thus, he cannot show that compliance with the magistrate judge's order is not possible. Accordingly, defendants shall not be barred from opening the electronic calendar that plaintiff provided by e-mail.

Plaintiff's claim that the calendar is not relevant to his FLSA claim also lacks merit as plaintiff testified that "I have everything on there about everything that happened. I keep a daily log of everything that happened to me that day." (Doc. 40, Ex. F at Pg. ID 384). Finally, plaintiff's argument that he should not have to produce a privilege log because he has already produced all non-privileged documents or those not subject to the work product doctrine, lacks merit as defendants, and if necessary, the court, must be able to assess the validity of the privilege claimed. In sum, plaintiff has failed to show any error in the magistrate judge's order granting in part, and denying in part, defendants' motion to compel. (Doc. 58).

**5.    Protective Order**

Finally, plaintiff's objections to the protective order lack merit. Plaintiff claims the order is "one-sided" because he produced documents prior to its entry which would be considered confidential. Paragraph two of the protective order, however, addresses this situation by allowing for retroactive designations for a ten-day period after the protective

order was entered. Plaintiff also objects that the protective order forces the parties to file documents under seal without court approval. To the contrary, pursuant to paragraph eight of the protective order, the parties are required to seek the court's approval for sealed filings. Also, plaintiff claims that the protective order is a blanket protective order that does not allow the court to properly assess whether the materials are subject to protection. But paragraph 11 provides for challenges to designations and requires the designating party to demonstrate good cause for the designation. In their response to plaintiff's motion to compel, defendants asserted that the protective order was necessary to protect sensitive and confidential business and client information including team member names, client names, loan numbers, and related information. (Doc. 43 at 2). The magistrate judge found that defendants had established good cause for the entry of the protective order pursuant to Federal Rule of Civil Procedure 26(c). Having failed to show that the magistrate judge committed clear error when she entered the protective order, plaintiff's objections shall be overruled.

### D. Conclusion

Because the rulings of the magistrate judge were thoughtful, well reasoned and appropriate, plaintiff's objections to the magistrate judge's orders (Docs. 61, 62, and 63) are OVERRULED and the magistrate judge is AFFIRMED.

IT IS FURTHER ORDERED that the parties comply with the magistrate judge's orders (Doc. 57 and 58) within five days of the entry of this order. The failure to do so will be grounds for sanctions, up to and including dismissal.

IT IS FURTHER ORDERED that defendants' request for attorney fees and costs for responding to plaintiff's objections is DENIED.

IT IS SO ORDERED.

Dated: July 25, 2016

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 25, 2016, by electronic and/or ordinary mail and also on Hugh MacEachern, 22126 Hayes Street, Taylor, MI 48180-2422.

s/Barbara Radke
Deputy Clerk

---