UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUGH MacEACHERN,

    Plaintiff,

                                  CASE NO. 15-CV-12448
v.                              HON. GEORGE CARAM STEEH

QUICKEN LOANS INC.
and TITLE SOURCE, INC.,

    Defendants.
_____/

**ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT**

On September 21, 2016, this court entered summary judgment in favor of defendants Quicken Loans Inc. and Title Source, Inc., dismissing the reverse race and gender discrimination claims, retaliation claims, and claims for defendants' alleged failure to pay him overtime in violation of the Fair Labor Standards Act ("FLSA"), of *pro se* plaintiff Hugh MacEachern, a white male, who was discharged at age 59. Now before the court is plaintiff's motion to amend or alter judgment pursuant to Federal Rule of Civil Procedure 59(e). "A court may grant a Rule 59(e) motion to alter or amend if there is (1) a clear error of law; (2) newly discovered evidence; (3) an

-1-

intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

Plaintiff has not met the standard under Rule 59(e) to alter or amend the judgment. Most of the arguments presented merely reiterate those already considered and rejected by this court. Those not previously addressed are discussed below. In his motion, plaintiff alleges that the court improperly stated that plaintiff made his complaint of discrimination on March 24, 2014, when in reality, he filed his complaint on March 17, 2014. This court's prior order, however, specifically recognized that the record evidence was unclear as to whether the complaint was made on March 17, 2014 or March 24, 2014, but found that the six day time difference was irrelevant to the court's determination. (Doc. 77 at 4 n.1).

Plaintiff also contends that he did not consent to defendants' confidentiality policy until after sending the e-mails which defendants maintained contained confidential information. The record as discussed in the court's opinion, however, shows that plaintiff was informed of defendants' policy that employees were not to send non-public information to an e-mail account as early as 2012. Plaintiff received defendants' confidentiality policy in 2013, and he signed an employment agreement consenting to it on July 15,

2013.  *Id.* at 12-13.  Thus, plaintiff was on notice of his employer's prohibition of sending confidential information to a personal e-mail account before sending the e-mails for which he was terminated.

Plaintiff also argues that the company completed its investigation after he was terminated which he suggests is evidence that his discharge was based on race and gender discrimination or in retaliation for making a complaint of such discrimination.  The fact that the investigative report is dated on March 28, 2014, but plaintiff was notified of his dismissal on March 26, 2014, does not support his discrimination or retaliation claims, or suggest that the court's application of the honest-belief doctrine to bar plaintiff's claims was in error.  His argument merely shows that the results of the investigation were memorialized in writing on that date, not that the investigation was incomplete at the time of his termination.  In fact, defendants notified him that he was being suspended for violating company policy that employees not distribute confidential information outside the company, including to personal e-mail accounts, on March 24, 2014, indicating that a preliminary investigation of plaintiff's misconduct was already complete at that time.

Plaintiff reiterates the argument that he could not be terminated for violating his employer's confidentiality rules because the ALJ in the National

Labor Relations Board ("NLRB") action found some of those rules to be overly broad. As stated in the court's prior order granting defendants' motion for summary judgment, the issue here was whether the reason given for plaintiff's discharge was the true reason for the discharge, or whether it was pretext for discrimination or retaliation. *Id.* at 14. Plaintiff's renewed argument here fails to support his Rule 59(e) motion. Likewise, plaintiff's arguments regarding his overtime claim under the FLSA merely reiterate arguments previously considered and rejected by this court.

Finally, the court considers plaintiff's argument that new evidence obtained from his Freedom of Information Act request supports his Rule 59(e) motion. Specifically, plaintiff relies on defendants' argument before the ALJ in the NLRB case that the employee handbook, known as the "Big Book," was not uniformly provided to all employees, and was not used or relied upon by employees or managers and supervisors. This court's prior order granting defendants' motion for summary judgment, however, was based, in part, on the affidavit of Yasmeen Jasey, the Director of Team Relations for Quicken Loans, attesting to specific security training that plaintiff received in person where the company informed him that he could not forward company e-mail to an external e-mail address if it contained non-public information. *Id.* at 12.

The court also relied upon a copy of an employment agreement that plaintiff signed acknowledging his receipt of the company's confidentiality provisions. *Id.* at 13. Thus, even if knowledge of the company's security policies could not be attributed across the board to all employees based solely on the existence of the "Big Book," the court's decision here was not limited to that publication, but was based on in person training as well as personal acknowledgment of the company's confidentiality policies. For these reasons,

IT IS ORDERED that plaintiff's Rule 59(e) motion to alter or amend the judgment (Doc. 81) hereby is DENIED.

**IT IS SO ORDERED**.

Dated: November 30, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 30, 2016, by electronic and/or ordinary mail and also on Hugh MacEachern, 22126 Hayes Street, Taylor, MI 48180-2422.

s/Marcia Beauchemin
Deputy Clerk